UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VICKI L. KINCAID,

        Plaintiff,

v.

                                 Case No. 08-14526

COMMISSIONER OF SOCIAL SECURITY,     Honorable Julian Abele Cook, Jr.

        Defendant.


ORDER

On October 24, 2008, the Plaintiff, Vicki L. Kincaid, filed a complaint under 42 U.S.C. §

405(g), in which she contends that the Defendant, the Commissioner of Social Security

("Commissioner"),incorrectly denied her claim for disability insurance benefits and supplemental

security income.

On March 5, 2009, Kincaid filed a motion for summary judgment pursuant to Fed. R. Civ.

P. 56(c).[1]  Nearly one month later, on April 6th, the Commissioner filed a similar dispositive

motion according to Rule 56(c).  Magistrate Judge Virginia M. Morgan, to whom these two

motions had been referred for an evaluation, recommended that the Court (1) grant the

Commissioner's motion for summary judgment and (2) deny Kincaid's motion for similar relief.

---

[1] Fed. R. Civ. P. 56(c) states, in part, that the Court should grant the "judgment sought . . . if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

As of this date neither party has filed any objections to the magistrate judge's report.

For the reasons that have been set forth below, the Court adopts Magistrate Judge Morgan's report in its entirety.

## I.

Kincaid - born in 1961- is a high school graduate whose employment history includes work as a childcare worker, driver, housekeeper, line worker, and program aide.  In her application for Social Security benefits, Kincaid submits that she is no longer able to perform any of these jobs because of a fall down a flight of stairs which resulted in an injury to her knee.  In January 2005, Kincaid submitted an application to the Commissioner in which she sought to obtain disability insurance benefits and supplemental security income on the basis of a claimed disability with an onset date of May 13, 2004.  When this application was denied, Kincaid requested and obtained a review of this decision by an administrative law judge.  On March 4, 2008, her application was rejected by an administrative law judge who concluded that she had impairments which consisted of  "status post torn anterior cruciate ligament, medial and lateral meniscus tears, right knee and obesity." However, he also opined that although Kincaid's impairment was "severe," it did not meet or equal any of the impairments in Appendix 1, Subpart P of the Social Security regulations.

In addition and on the basis of a vocational expert's response to a hypothetical question about what kind of work, if any, a person with Kincaid's limitations could perform, the administrative law judge determined that she was not disabled within the meaning of the Social Security Act.  He expressed the view that, although Kincaid could not return to her previous employment, she was able to (1) perform sedentary work and (2) complete simple tasks in a low stress environment.  As a result, the administrative law judge opined that Kincaid was able to

perform work within the national economy and thus, she was not disabled according to the standards of the Social Security Act.

Kincaid sought a review of this administrative law judge's decision by the Appeals Council. However, on August 27, 2008, the Appeals Council rejected her request for a review and, in so doing, rendered the administrative law judge's determination to be the final decision of the Commissioner.   Feeling aggrieved, Kincaid commenced this lawsuit.

## II.

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  When evaluating disability insurance benefit claims, Social Security regulations provide for a five-step inquiry.  *See* 20 C.F.R. § 404.1520.  The Sixth Circuit Court of Appeals has explained this evaluation process as follows:

> The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

*Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (internal citations omitted).

If a plaintiff - such as Kincaid - seeks to obtain a review of the Commissioner's denial of benefits, she must file a complaint in a federal district court pursuant to 42 U.S.C. § 405(g), which

states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

However, when reviewing a claim for Social Security benefits under § 405(g), the district court is constrained to determine only whether (1) the challenged decision is supported by substantial evidence and (2) the administrative law judge applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance. It is the requisite amount of evidence for a "reasonable mind [to] accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Moreover, the Court must conduct its review only on the basis of the record and should not attempt to try the case *de novo*, make credibility determinations, or weigh the evidence. *Id.* (citing *Reynolds v. Sec'y of Health & Human Servs.*, 707 F.2d 927 (6th Cir. 1983).

III.

Kincaid argues that the administrative law judge made an erroneous determination with respect to her disability because of the inaccuracy within the hypothetical question that he presented to the vocational expert. The Commissioner, on the other hand, submits that Kincaid's contentions are factually incorrect and are without any reasonable foundation. The responses by a vocational expert to a hypothetical question, which accurately represents the physical and mental constraints of an applicant, constitute substantial evidence to support a determination by the administrative law judge that the claimant is not disabled. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777,

4

779 (6th Cir. 1987). The hypothetical question "need only include the alleged limitations of the claimant that the administrative law judge accepts as credible and that are supported by the evidence." *Delgado v. Commissioner of Soc. Sec.*, 30 Fed. Appx. 542, 548 (6th Cir. 2002) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Moreover, the administrative law judge's hypothetical questions to the vocational expert are not required to include the claimant's medical conditions - only the administrative law judge's "assessment of what [the claimant] can and cannot do." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).

Furthermore, the administrative law judge's findings regarding the credibility of the claimant "are to be accorded great weight and deference, particularly since [he] is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Notwithstanding, the administrative law judge's determinations must be supported by substantial evidence on the record. *Id.* The Social Security regulations also provide that a claimant's statements regarding her "pain or other symptoms will not alone establish that [she is] disabled[.]" 20 C.F.R. § 404.1529(a). The claimant must demonstrate that there are "medical signs and laboratory findings" which corroborate the alleged impairments and that - when considered with all other evidence - would lead to the conclusion that she is disabled. *Id.*

In this case, Kincaid testified during the hearing before the administrative law judge that she is no longer able to perform the requisite duties of her earlier employment as a housekeeper at a hospice facility because of her inability to (1) stand for long periods of time and (2) lift patients. In her appearance before the administrative law judge, she points to an inability to drive an automobile since her injury in a car accident in 2000. Kincaid also asserted that, despite receiving help from other persons (i.e., her children and boyfriend) in completing household chores and grocery

5

shopping, she continues to experience "difficulty sometime[s] just getting out of bed in the mornings" because of the pain in her right leg.

Despite having heard her testimony, the administrative law judge stated, among other things during the hearing, that (1) "no physician has disabled [Kincaid]" and (2) "she has never been referred to a mental health professional." In his evaluation of the evidence, the administrative law judge also noted the dearth of medical evidence in Kincaid's records with which to support her claims of disability. Thus, it was his conclusion that Kincaid (1)"is able to take care for her children, cook, grocery shop and is independent in self-care and personal hygiene" and (2) is not "significantly limited in her physical activities to preclude her from performing basic work activities."

Based on (1) the findings of the administrative law judge regarding the credibility of Kincaid's testimony, (2) the absence of meaningful medical evidence which support her claims of disability, and (3) her own statements about her ability to engage in limited household activities, the Court concurs with the assessment of Magistrate Judge Morgan who concluded that the administrative law judge's decision had been based on substantial evidence. The record in this case revealed that several doctors who completed their consultation reports reported that Kincaid did not have any disabling ailment. For instance, Dr. Seif Saced opined that Kincaid did not suffer from any significant mental or emotional problems which would inhibit her from engaging in daily activities, pursuing her interests, and socializing with other persons. In addition, a vocational consultant, who evaluated Kincaid, reported in March 2005 that she could occasionally lift and/or carry fifty pounds and frequently lift and/or carry twenty-five pounds.

The medical evidence on record does not support her allegations of disability. Rather, there

6

is medical evidence which suggests that she is able to perform work with certain physical limitations. Thus, as Magistrate Judge Morgan correctly determined, there is substantial evidence to support the administrative law judge's conclusion that Kincaid's (1) claimed ailments were not entirely credible and (2) application for disability benefits should be denied.

IV.

Accordingly and for the reasons that have been stated above, (1) Kincaid's motion for a summary judgment is denied and (2) the Commissioner's request for similar relief is granted.

IT IS SO ORDERED.

Dated: __January 25, 2010__            S/Julian Abele Cook, Jr._____
        Detroit, Michigan                JULIAN ABELE COOK, JR.
                            United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 25, 2010.

s/ Kay Doaks_____
Case Manager

7